IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHYLLIS TAIT and TIFFANY MINOTT,<br><br>            Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC, BNY MELLON, NATIONAL ASSOCIATION, and DEFENDANT DOE,<br><br>            Defendants. | CIVIL ACTION NO.<br><br>1:14-CV-2885-CC |

## **OPINION AND ORDER**

This lawsuit, which arises from an alleged foreclosure sale of real property that is the second home of Plaintiffs Phyllis Tait and Tiffany Minott ("Plaintiffs"), is before the Court on the Report and Recommendation [Doc. No. 15] issued by Chief Magistrate Judge Linda T. Walker on August 19, 2015. In the Report and Recommendation, Chief Magistrate Judge Walker recommends that the Court grant Defendants Nationstar Mortgage LLC and BNY Mellon, National Association's Partial Motion to Dismiss [Doc. No. 3]. Specifically, Chief Magistrate Judge Walker recommends that the Court dismiss Plaintiffs' claims of wrongful foreclosure, breach of contract, breach of the duties of good faith and fair dealing, promissory estoppel, fraud, fraudulent misrepresentation, negligent misrepresentation, and declaratory judgment.

On September 2, 2015, Plaintiffs filed Objections to the United States Magistrate Judge's Final Report and Recommendation [Doc. No. 17].[1] Plaintiffs assert in the objections that Chief Magistrate Judge Walker failed to accept the facts

---

[1] Insofar as Defendants seek and Chief Magistrate Judge Walker recommends only partial dismissal of Plaintiffs' claims, the Report and Recommendation is not a "final" report and recommendation, notwithstanding Plaintiffs' characterization of the Report and Recommendation as such.

alleged by Plaintiffs as true, failed to analyze the sufficiency of the pleading utilizing the notice pleading standard set forth in Federal Rule of Civil Procedure 8(a)(2), and erroneously accepted facts alleged by Defendants as true. In doing so, according to Plaintiffs, Chief Magistrate Judge Walker erred in recommending dismissal of Plaintiffs' claims of wrongful foreclosure, promissory estoppel, fraud, fraudulent misrepresentation, negligent misrepresentation, and declaratory judgment. While Plaintiffs cursorily mention in their discussion of the promissory estoppel claim that Defendant Nationstar allegedly breached a contract, Plaintiffs do not specifically object to Chief Magistrate Judge Walker's recommendation that the breach of contract and breach of the duties of good faith and fair dealing claims be dismissed.

On September 21, 2015, the Court received Nationstar Mortgage LLC and BNY Mellon, National Association's Response to Plaintiffs' Objection to the Magistrate Court's August 19, 2015 Report and Recommendation [Doc. No. 18]. Defendants maintain that Chief Magistrate Judge Walker resolved the Partial Motion to Dismiss correctly based on her finding that Plaintiffs did not sufficiently allege that a wrongful foreclosure sale occurred. Additionally, Defendants emphasize that Chief Magistrate Walker repeatedly found that Plaintiffs did not plead any damages they suffered as a result of the alleged foreclosure.

The Report and Recommendation, Plaintiffs' objections thereto, and Defendants' response to Plaintiffs' objections are ripe for the Court's review. After reviewing a magistrate judge's findings and recommendations, a district judge may accept, reject, or modify the findings or recommendations. 28 U.S.C. § 636(b)(1). A party challenging a report and recommendation must "file . . . written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (citation and internal quotation marks omitted); see also Fed. R. Civ. P. 72(b)(2). A district judge "shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." Id. "Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted). Those portions of a report and recommendation to which an objection has not been made are reviewed for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Plaintiffs' main objection to the Report and Recommendation is that Chief Magistrate Judge Walker, in recommending that the majority of Plaintiffs' claims be dismissed, purportedly relied on a representation by Defendant Nationstar that the foreclosure sale at issue in this case was never consummated and concluded, as a result, that there had been no change to Plaintiffs' property interests and no damages suffered by Plaintiffs in connection with the foreclosure sale. This Court has conducted a thorough review of the entire record of this case and has carefully examined the allegations in Plaintiffs' Complaint and the attachments to the Complaint. Having done so, the Court finds no plain error with respect to Chief Magistrate Judge Walker's recommended dismissal of the breach of contract and breach of the duties of good faith and fair dealing claims and, upon de novo review, concludes that Chief Magistrate Judge Walker correctly recommended dismissal of Plaintiffs' claims of wrongful foreclosure, promissory estoppel, fraud, fraudulent misrepresentation, negligent misrepresentation, and declaratory judgment.

Plaintiffs' claims of wrongful foreclosure, fraud, fraudulent misrepresentation, and negligent misrepresentation are due to be dismissed not based on any representation by Defendants that the foreclosure sale was not consummated but based on Plaintiffs' failure to allege facts indicating that the foreclosure sale was consummated. As Chief Magistrate Judge Walker reasoned, to properly allege claims for wrongful foreclosure, fraud, fraudulent misrepresentation, and negligent

- 3 -

misrepresentation, a plaintiff must allege sufficient facts to indicate, among other things, that an injury occurred and that plaintiff sustained damages. Brown v. Federal Nat'l Mortg. Ass'n, No. 10-CV-03289, 2011 WL 1134716, at *6 (N.D. Ga. Feb. 28, 2011) (wrongful foreclosure); Uhlig v. Darby Bank & Trust Co., 556 F. App'x 883, 888-89 (11th Cir. 2014) (negligent misrepresentation and fraudulent representation); Next Century Commc'ns. Corp. v. Ellis, 318 F.3d. 1023, 1027, 1030 (11th Cir. 2003) (fraud and negligent misrepresentation). Under Georgia law, a foreclosure sale has not occurred until the sale is consummated. Tampa Inv. Grp. v. Branch Banking & Trust Co., 290 Ga. 724, 727, 723 S.E.2d 674 (2012) (holding that when a foreclosure sale is not consummated, no foreclosure occurs). For a foreclosure sale to be consummated, a deed must be transferred and the proceeds of the foreclosure sale must be transferred from the bidder to the creditor and applied to reduce the borrower's debt. Bldg. Block Enters. v. State Bank and Trust Co., 314 Ga. App. 147, 150-51, 723 S.E.2d 467 (2012); Legacy Communities Grp. v. Branch Banking & Trust Co., 310 Ga. App. 466, 470, 713 S.E.2d 670 (2011), rev'd in part on other grounds, Tampa Inv. Grp. v. Branch Banking & Trust Co., 290 Ga. 724, 723 S.E.2d 674 (2012). Here, Plaintiffs have not alleged either that the deed under power was transferred or that the proceeds of the foreclosure sale were applied to reduce their debt. As such, Plaintiffs have not adequately alleged that a foreclosure sale occurred or that they suffered any damages or economic injury. These pleading deficiencies are fatal to the wrongful foreclosure, fraud, fraudulent misrepresentation, and negligent misrepresentation claims.

In addition to Plaintiffs' failure to allege the consummation of the foreclosure sale, one of Plaintiffs' own attachments to the Complaint indicates that Defendant Nationstar rescinded the foreclosure sale. In this regard, Exhibit R to Plaintiffs' Complaint is a letter in which Defendant Nationstar states that a foreclosure sale occurred but was rescinded. In bringing the claims in the instant lawsuit, Plaintiffs rely heavily on Defendant Nationstar's representation in the letter that a foreclosure

sale did occur on May 1, 2012, but Plaintiffs unconvincingly urge the Court to overlook Defendant Nationstar's representation in that same letter that the foreclosure sale was rescinded. Plaintiffs argue that Chief Magistrate Judge Walker erred in relying on Defendants' assertion that the foreclosure sale was rescinded. However, when an exhibit to a complaint contradicts general and conclusory allegations in a pleading, the exhibit governs. Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205-06 (11th Cir. 2007). Here, Plaintiffs' own Exhibit R to the Complaint contradicts what is, at best, an inference to be drawn from the allegations in the Complaint that the foreclosure sale was consummated. Under these circumstances, the exhibit to the Complaint governs.

Plaintiffs' promissory estoppel claim is also subject to dismissal. To state a claim for promissory estoppel, the plaintiff must allege facts demonstrating that:

> (1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the [plaintiffs] to rely on such promise; (3) the [plaintiffs] relied on such promise to [their] detriment; and (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, [plaintiffs] changed [their] position to [their] detriment by surrendering, forgoing, or rendering a valuable right.

Hendon Props., LLC v. Cinema Dev., LLC, 275 Ga. App. 434, 438-39, 620 S.E.2d 644 (2005). The Court agrees with Chief Magistrate Judge Walker that Plaintiffs have not alleged facts demonstrating that they relied on the promise made by Defendant Nationstar not to foreclose to their detriment or that they surrendered a valuable right as a result of their reliance. In the absence of alleged facts tending to show that the foreclosure sale was consummated and in the presence of a document attached to Plaintiffs' Complaint indicating that the foreclosure sale was rescinded, Chief Magistrate Judge Walker reasonably concluded that Plaintiffs' interests in their property remained unchanged.[2] Even Plaintiffs' alleged decision not to pursue a

---

[2] Chief Magistrate Judge Walker also took judicial notice that the Fulton County Board of Assessors Property Records still indicate that Plaintiffs own the residence. (Report and Recommendation at 12.)

- 5 -

bankruptcy filing immediately before the foreclosure sale was not detrimental because there is no indication from the Complaint and the documents attached thereto that Plaintiffs lost any property rights or experienced any change as it relates to their ownership of the real property in dispute. Consequently, Plaintiffs have not stated a plausible promissory estoppel claim.

The Court likewise concludes that Plaintiffs are not entitled to declaratory relief. Under Georgia law, declaratory relief may by issued only in cases of actual controversy. O.C.G.A. § 9-4-2. "To proceed under a declaratory judgment a party must establish that it is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests." Plantation Pipe Line Co. v. Milford, 257 Ga. App. 709, 712, 572 S.E.2d 67 (2002) (citation omitted). Federal law similarly requires that there be an "actual controversy" for a declaratory judgment to be issued. Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985). "[U]nder the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." Id. (citations omitted). The Court agrees with Chief Magistrate Judge Walker's well-reasoned analysis that no actual controversy exists and that Plaintiffs therefore are not entitled to declaratory relief.

Plaintiffs assert that they should have an opportunity to conduct discovery to determine whether the foreclosure sale was consummated, but Plaintiffs cite no legal authority persuading the Court that they are entitled to such discovery. Here, Plaintiffs have failed to state claims for wrongful foreclosure, promissory estoppel, fraud, fraudulent misrepresentation, negligent misrepresentation, and declaratory relief. Therefore, Plaintiffs are not entitled to discovery relating to these claims. Cummings v. Mortg. Elec. Registration Sys., No. 1:13-CV-3302-TWT, 2014 WL 3767797, at *4 (N.D. Ga. July 30, 2014) ("[A] plaintiff is not entitled to discovery. A plaintiff must first file a complaint which states a legal claim before the door to discovery is opened."); Tolbert v. Trammell, No. 2:13-CV-02108-WMA, 2014 WL 3892115, at *9 (N.D. Ala. Aug. 4, 2014) ("Pleadings that fail to state a claim are not

entitled to discovery to improve their factual foundation.").

Based on the foregoing, this Court **OVERRULES** Plaintiffs' objections to the Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of this Court, and **GRANTS** Nationstar Mortgage LLC and BNY Mellon, National Association's Partial Motion to Dismiss.  Accordingly, Plaintiffs' claims of wrongful foreclosure, breach of contract, breach of the duties of good faith and fair dealing, fraud, fraudulent misrepresentations, negligent misrepresentation, declaratory judgment, and promissory estoppel are **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

SO ORDERED this 30th day of September, 2015.

*s/  CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE